UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ARTHUR LEE McABEE, Jr.**

    **Plaintiff,**

    v.                                                          Case No. 19-CV-995

**ANDREW M. SAUL,**
**Commissioner of Social Security,**

    **Defendant.**

---

## DECISION AND ORDER

---

Arthur Lee McAbee, Jr. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income under the Social Security Act, 42 U.S.C. § 405(g). For the reasons below, the Commissioner's decision is reversed and the case is remanded for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

## BACKGROUND

McAbee filed an application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income alleging disability beginning on March 13, 2016 due to depression, diabetes, osteoarthritis in the back, high blood pressure, high cholesterol, peripheral neuropathy, shoulder problems, and PTSD. (Tr. 289.) McAbee's applications were denied initially and upon reconsideration. (Tr. 13.) McAbee filed a request for a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on June

6, 2018. (Tr. 33–69.) McAbee testified at the hearing, as did Bob Hammond, a vocational expert. (Tr. 33.)

In a written decision issued October 31, 2018, the ALJ found that McAbee had the following severe impairments: degenerative disc disease, history of left foot fracture, depression, and anxiety. (Tr. 16.) The ALJ further found that McAbee did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 16–19.) The ALJ found that McAbee had the residual functional capacity ("RFC") to perform medium work with the following limitations: must be allowed to sit or stand alternatively at will, provided that he is not off task more than 10% of the work period; can occasionally operate foot controls, frequently balance and crouch, kneel, stoop, and climb ramps and stairs, but can never crawl or climb ladders, ropes or scaffolds; can frequently reach overhead and in all directions bilaterally, frequently handle bilaterally, frequently finger, handle, and feel bilaterally, but can have no exposure to dangerous moving machinery or to unprotected heights; and is limited to understanding, carrying out, and remembering no more than simple instructions and can have occasional interaction with the public, with coworkers, and with supervisors with no tandem tasks. (Tr. 19.)

While the ALJ found that McAbee was unable to perform any of his past relevant work as a cook, the ALJ found that given McAbee's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. 22–23.) As such, the ALJ found that McAbee was not disabled from his alleged onset date until the date of the decision. (Tr. 23.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied McAbee's request for review. (Tr. 1–5.)

# DISCUSSION

## 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## 2. *Application to this Case*

The parties agree that remand of this case is warranted. (Commissioner's Br. at 1, Docket # 21.) The parties dispute, however, the terms of the remand. McAbee argues that remand for a calculation of benefits is required, while the Commissioner argues that the case

3

should be remanded for a new hearing and a *de novo* decision. (Pl.'s Br., Docket # 15; Pl.'s Reply Br., Docket # 22; Commissioner's Br.) Remand for an award of benefits is appropriate only "if all factual issues have been resolved and the record supports a finding of disability." *Briscoe ex rel Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005). In other words, remand for an award for benefits is appropriate where the "record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Although McAbee raises several claims of error in his opening brief, he acknowledges that the majority of his alleged errors would warrant a remand for further administrative proceedings. (Pl.'s Reply Br. at 1.) He argues, however, that the ALJ erred in his Step Five determination that significant jobs exist in the national economy that McAbee can perform given his RFC and that this error conclusively shows that he is disabled, requiring remand for an award of benefits. (*Id.*)

Again, the ALJ limited McAbee to medium work that allowed him to sit or stand alternatively at will, provided that he is not off task more than 10% of the work period. During the administrative hearing, the ALJ posed a hypothetical to the VE with this limitation. (Tr. 64.) The VE opined that if an individual has to alternate his position at will, it will necessarily take him off task more than 10% of the work period and thus would eliminate all occupations at the light level. (*Id.*)[1] However, the ALJ still concluded that significant numbers of jobs existed in the national economy for one with a sit-stand option taking him off task no more than 10% of the work period. (Tr. 19, 23–24.) Thus, McAbee argues that given his RFC and

---

[1] Although the ALJ asked the VE hypotheticals regarding work at the light level of exertion, not the medium level, eliminating all jobs at the light level would necessarily eliminate all jobs at the medium level, which requires a higher level of exertion.

the VE's testimony, the evidence conclusively demonstrates that he is disabled and the ALJ erred in finding otherwise.

The ALJ, however, clarified this sit-stand limitation to the VE in his next hypothetical. The ALJ asked whether jobs would exist if the sit-stand option would allow for changing positions once every 45 minutes and the changing of positions took no more than two minutes each time. (Tr. 65.) The VE testified that the occupation of sorter would still be appropriate. (*Id.*) Thus, the VE did testify that jobs existed in significant numbers in the national economy within the parameters set by the ALJ and included in the RFC (i.e., the job of sorter — with 89,000 jobs nationally). (Tr. 23.) Given this conflicting evidence in the record, I find that remand for an award of benefits is not appropriate in this case. Rather, I will reverse the Commissioner's decision and remand with instructions to hold a new administrative hearing. The ALJ will reconsider the medical opinions as appropriate and reconsider McAbee's RFC. If necessary, the ALJ will seek additional vocational evidence. The ALJ will then issue a *de novo* decision.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and is reversed. However, there are unresolved issues and this is not a case where the "record supports only one conclusion—that the applicant qualifies for disability benefits." *See Allord*, 631 F.3d at 415. Therefore, the case is appropriate for remand pursuant to 42 U.S.C. § 405(g), sentence four.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of March, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge